**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JUAN MERCADO, | : | |
| Plaintiff, | : | Civil No. 11-6756(JAP) |
| v. | : | |
| CHARLES ELLIS, et al., | : | **OPINION** |
| Defendants. | : | |

**APPEARANCES:**

**JUAN MERCADO**, Plaintiff pro se
251615
Hudson County Correctional Center
35 Hackensack Avenue
Kearny, N.J. 07032

**PISANO**, District Judge

Plaintiff Juan Mercado("Plaintiff") seeks to bring this action in forma pauperis. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes

that the complaint should be dismissed.

**I. BACKGROUND**

Plaintiff, incarcerated at Hudson County Correctional Center in Kearny, New Jersey at the time of filing, brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Charles Ellis, Warden of Mercer County Correctional Center ("MCCC") and Chris Christie, Governor of the State of New Jersey. The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that Defendant Ellis failed to respond to his grievances regarding the living conditions at MCCC, where Plaintiff was housed before he was moved to his current location at Hudson County Correctional Center. Plaintiff further alleges that Governor Christie did not respond to the letters Plaintiff wrote to him about the conditions at MCCC and he did not respond when Plaintiff informed him about his hunger strike. Plaintiff provides a list of all the conditions of confinement that allegedly violated his constitutional rights, including mold on the air vents; missing tiles on the floor; windows that do not open; inadequate cleaning supplies; insufficient laundry services; and poor plumbing. However, it appears that the only claims Plaintiff raises against the named defendants are for

failure to respond to his grievances/complaints.

Plaintiff requests that the conditions be rectified and $200,000 in damages.

**II.  DISCUSSION**

**A. Legal Standard**

**1. Standards for a Sua Sponte Dismissal**

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal

3

of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 129 S.Ct. at 1948).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See Iqbal, 129 S.Ct. at 1949-50. See also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578

4

F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

It appears that Plaintiff's only claims against the named defendants are based on their failure to investigate or respond to Plaintiff's letters and grievances.  These claims fail to rise to the level of a constitutional deprivation sufficient to state

a claim under § 1983.  Indeed, "'an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim.'" Graw v. Fantasky, 68 Fed. Appx. 378, 383 (3d Cir. 2003)(citing DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195-96 (1989)). Cf. Burnside v. Moser, 138 Fed. Appx. 414, 416 (3d Cir. 2005) (prisoners do not have a constitutionally protected right to a prison grievance process); Lewis v. Williams, 2006 WL 538546, at *7 (D.Del. 2006) (failure to investigate a grievance does not raise a constitutional issue) (collecting cases); Watford v. Balicki, 2010 WL 1752510, at *7 (D.N.J. April 30, 2010)(finding that pretrial detainee failed to state a constitutional claim when he alleged that prison staff did not respond to his grievances.) Compare Durmer v. O' Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (summary judgment properly granted to prison warden and state commissioner of corrections, the only allegation against whom was that they failed to respond to letters from prisoner complaining of prison doctor's treatment decisions).  Accordingly, this claim will be dismissed for failure to state a claim.[1]

---

[1] To the extent Plaintiff intended to assert a conditions of confinement claim as well, the Court finds that he has not provided any facts to support his allegations, but rather only puts forth a list of complaints about the conditions.  He does not provide any information about the conditions that affected him or the duration of time he was exposed to those conditions.  Consequently, the allegations in the Complaint regarding the conditions of confinement are too conclusory to show conditions sufficient to rise to the level of a constitutional deprivation under the Iqbal pleading standard. "[T]he pleading standard Rule 8 announces does not require detailed factual

**III.  CONCLUSION**

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[2]

/s/ JOEL A. PISANO<br>
JOEL A. PISANO<br>
United States District Judge

Dated: May 9, 2012

---

allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Iqbal, 129 S.Ct. at 1949 (citations and internal quotation marks omitted). Therefore, Plaintiff's claim about the conditions of confinement will be dismissed without prejudice at this time.

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.